IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LISA C. DONOVAN, ADMINISTRATOR OF THE ESTATE OF JESSICA CORINNE CARTER, <br><br> Plaintiff, <br><br> v. <br><br> TIM ALLEN, THE SHERIFF FOR THE CITY OF ROANOKE, *et al.*, <br><br> Defendants. | Case No. 7:21-cv-00017 <br><br> By: Elizabeth K. Dillon <br> United States District Judge |

**MEMORANDUM OPINION**

Lisa Donovan is the administrator of the estate of Jessica Corinne Carter, who died while incarcerated at the Roanoke City Jail on December 22, 2015. Donovan filed this action claiming that defendants, all of whom were employed at the Roanoke City Jail during the relevant period, caused Ms. Carter's wrongful death and "violate[d] the Eighth Amendment to the United States Constitution prohibiting cruel and unusual punishment." (Compl. ¶¶ 37, 45, Dkt. No. 1-2.) This matter is before the court on Donovan's motion for leave to amend her complaint (Dkt. No. 30), as well as three motions to dismiss (Dkt. Nos. 7, 9, 16). For the reasons stated below, the court will grant the motion for leave to amend, order the amended complaint filed, and remand the case to state court. Defendants' motions to dismiss will be denied as moot.

I.  BACKGROUND

The original complaint alleges the Roanoke City Police arrested Ms. Carter on December 17, 2015, and escorted her to Roanoke Memorial Hospital prior to booking her at the Roanoke City Jail. (Compl. at ¶¶ 12-15.) At the jail, Carter allegedly experienced health problems

including difficulty ambulating, incoherent speech, and signs of lividity. (*Id.* at ¶ 16.) Further, Carter allegedly "complained that she was dying" and requested that "defendant" obtain medical care on multiple occasions. (*Id.* at ¶¶ 16-17.) The complaint alleges that other inmates also alerted or attempted to alert "deputies and/or other personnel…that Carter needed medical assistance." (*Id.* at ¶ 18.) Defendants allegedly "knew or should have known that Ms. Carter required medical assistance," but failed to "obtain[] sufficient medical assistance for Carter to address her serious medical needs." (*Id.* at ¶ 19.) Ms. Carter passed away on the morning of December 22, 2015. An autopsy revealed Ms. Carter died from staphylococcal sepsis, which the complaint alleges is not fatal with proper medical treatment. (*Id.* at ¶¶ 27-30.)

Donovan originally sued the defendants on December 22, 2016, in the Circuit Court for the City of Roanoke; however, that case was nonsuited on June 26, 2019. Donovan refiled in state court on December 20, 2019, alleging claims for wrongful death and deliberate indifference to serious medical needs in violation of the Eighth Amendment.[1] The defendants include Tim Allen, then Sheriff for the City of Roanoke; Teresa Benson, then deputy sheriff; Crystal Guzman, Amber Dane, Samantha Clowser, all of whom were then deputies at the jail; and Heather Glenn and Carlena Warf, who were then nurses at the jail. The complaint also lists unknown parties with the last names Trung and Jenkins and John and Jane Does. After receiving service in December 2020, the defendants filed a notice of removal in this court on January 13, 2021 (Dkt. No. 1), and then filed motions to dismiss the complaint (Dkt. Nos. 7, 9, 16).[2] Those

---

[1] Both parties acknowledge that the correct vehicle for a constitutional claim against state actors is 42 U.S.C. § 1983.

[2] Defendant nurses also moved to strike under Rule 12(f); however, they failed to provide any briefing in support of that motion. (*See* Dkt. No. 17.)

motions were fully briefed by both parties.

On April 6, 2021, the court held a status conference by telephone with counsel. (Dkt. No. 29.) While the motions to dismiss were not argued at the conference, the court noted its concern about the adequacy of the complaint and the fact that the court thought it probable that the Fourteenth Amendment, and not the Fourth and Eighth Amendments, applied to the case. The court noted that it would give plaintiff thirty days in which to file a motion for leave to amend with an attached, proposed amended complaint.

On May 6, 2021, plaintiff moved for leave to amend the complaint. (Dkt. No. 30.) The proposed amended complaint abandons the plaintiff's federal claim under 42 U.S.C. § 1983, drops all claims against several defendants, alleges additional facts as to individual acts and omissions giving rise to the remaining defendants' liability for Ms. Carter's wrongful death, and adds the first name of a defendant. The defendants oppose the motion.

## II. ANALYSIS

### A. Standard of Review for Leave to Amend

Federal Rule of Civil Procedure 15 instructs courts to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court should only deny leave to amend when the amendment (1) would be prejudicial to the opposing party, (2) there has been bad faith on the part of the moving party, or (3) the amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Delay alone is not a sufficient reason to deny leave to amend; delay must be accompanied by prejudice, bad faith, or futility. *Id.* at 509-10 (citations omitted).

**B. Donovan's Motion for Leave to Amend**

Plaintiff's proposed amended complaint, in relevant part, seeks to abandon the federal claim against all defendants and add individualized facts in support of the remaining state law claim for wrongful death. All defendants oppose plaintiff's motion for leave to amend, arguing that the amendment is prejudicial, sought in bad faith, and futile.

1. **Prejudice**

Whether an opposing party will be prejudiced by an amendment "will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant]…'" *Id.* (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). The further a case has progressed before an amendment "the more likely it is that the amendment will prejudice the defendant…." *Id.* A court also looks to the "'particular circumstances' presented, including previous opportunities to amend and the reason for the amendment" in determining prejudice. *Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (citations omitted).

Defendants argue the proposed amendment is prejudicial primarily due to its timing and that it will lead to increased litigation costs. The plaintiff filed the motion for leave to amend on May 6, 2021, almost five months after the defendants removed the case from state court. While all defendants have filed motions to dismiss that have been fully briefed, little has been done in this case. The court has not issued any scheduling orders or previous substantive rulings; discovery has not started; and no trial date has been set. *See Johnson*, 785 F.2d at 510 ("[The] basis for a finding of prejudice essentially applies where the amendment is offered shortly before

or during trial."). Further, assuming, arguendo, the court were to deny leave to amend and grant defendants' motions to dismiss, "district courts should not…dismiss[] a complaint with prejudice without permitting [plaintiff] an opportunity to amend." *Ostrzenski v. Seigel*, 117 F.3d 245, 252 (4th Cir. 1999). The court finds that the defendants are not prejudiced by the timing of the proposed amendment.

The defendants are also not prejudiced by the nature of the proposed amendment. The plaintiff's federal claim and state claim are based on the same set of facts. Abandoning the federal claim does not substantially change the nature of the complaint. Additionally, this is not a case of "repeated failure[s] to cure a deficiency by amendments previously allowed." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004). Plaintiff, for the first time, simply "seek[s] permission to add facts in support of the same basic argument [she] made in [her initial] complaint." *Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 128 (E.D. Va. 2017).

2. **Bad Faith**

Defendants argue that plaintiff's leave to amend is sought in bad faith. Primarily, defendants argue plaintiff seeks to manipulate the judicial forum by abandoning the federal claim and plead facts clearly known prior to the filing of the original complaint.

Defendants cite a line of cases standing for the proposition that an "amended complaint may not be used to defeat the removal of plaintiff's case to federal court." *Lyster v. First Nationwide Bank Fin.*, 829 F. Supp. 1163, 1165 (N.D. Cal. 1993). However, this court has previously determined that the "sounder policy" is to permit the plaintiff "to set the tone of [her] case." *Gold Leaf Land Tr. v. Bd. of Supervisors of Albemarle Cnty., Va.*, Civil Action No. 3:01-cv-00047, 2002 WL 982375 at *7 (W.D. Va. May 14, 2002). Indeed, it is "well-known principle that the plaintiff is 'the master of the claim.'" *Id.* at *6 (quoting *Caterpillar, Inc. v. Williams*,

482 U.S. 386, 392 (1987)). The Fourth Circuit has held that there is no "categorical prohibition" on attempts to manipulate the forum through amendments, rather the district court "'should take this behavior into account in determining whether…[to] remand.'" *Wood v. Crane Co.*, 764 F.3d 316, 322 (4th Cir. 2014) (quoting *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 357 (1988)). Additionally, "[a]lthough [p]laintiff may have decided to [eliminate their federal claim] in order to avoid federal jurisdiction, '[t]he [c]ourt can envision a host of reasons for such a decision…" *Enochs v. Blue Cross & Blue Shield of N.C.*, Civil Action No. 1:17-cv-650, 2017 WL 11553125 at *3 (M.D.N.C. July 21, 2017) (quoting *Kimsey v. Snap-On Tools Corp.*, 752 F. Supp. 693, 695 (W.D.N.C. 1990)). For example, in this case, plaintiff may have proposed to eliminate the federal claim to avoid the higher standard of proof required under the Eighth and Fourteenth Amendments. *See Hixson v. Hutcheson*, Civil Action No. 5:17-cv-00032, 2018 WL 814059 at *6 (W.D. Va. Feb. 9, 2018) ("[A] claim for gross negligence under Virginia law requires a lesser showing of recklessness than a claim for deliberate indifference…"). The court does not find the amendment is sought in bad faith because it abandons the federal claim.

The court also does not find bad faith due to the alleged withholding of facts known to plaintiff prior to the filing of the original complaint. In *GSS Properties, Inc. v. Kendale Shopping Center Inc.*, a district court denied a motion for leave to amend, finding bad faith due to the plaintiff's withholding of facts. 119 F.R.D. 379, 380-81 (M.D.N.C. 1988). However, in that case, the withheld facts were related to an entirely new cause of action and the parties had stipulated at the pretrial conference that there was no present need to amend the pleadings. *Id.* at 381. In this case, the allegedly withheld facts were related to the same cause of action asserted in the original complaint, and the plaintiff requested leave to amend her complaint in her opposition to the defendants' motions to dismiss prior to her formal request for leave to amend.

Additionally, the plaintiff originally filed the complaint in Virginia state court. Virginia applies a notice-pleading standard, a lower threshold than required under Rule 8 of the Federal Rules of Civil Procedure. *See* Va. Sup. Ct. R. 1:4(d); *Fields v. Jobar Intern., Inc.,* Civil Action No. 3:14-cv-50, 2014 WL 1513289 at *1 (E.D. Va. Apr. 16, 2014). It is no surprise that the plaintiff would seek to add additional facts to the complaint after the case was removed to federal court.[3] The court does not find bad faith due to the plaintiff's addition of facts that may have been known prior to the filing of the original complaint in state court.

3. **Futility**

The defendants argue that the plaintiff's motion for leave to amend should be denied because the proposed amended complaint is futile. Traditionally, an amendment was futile if it was "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510; however, "district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* For the reasons stated below, the court finds that the proposed amended complaint is not "clearly insufficient or

---

[3] While the plaintiff could have moved to amend in a timelier fashion, the court does not find that the time between removal and the motion for leave so substantial as to be in bad faith. Moreover, it was within the time allowed by the court.

frivolous on its face," and would likely survive a motion to dismiss against all defendants; therefore, it is not futile.

The proposed amended complaint alleges specific, individualized facts to support the plaintiff's wrongful death claim against all defendants. Regarding defendant Allen, the complaint adds details alleging his supervisory and training responsibilities and proposes he is liable under a theory of respondeat superior. (Pr. Am. Compl. at ¶¶ 6, 94, 95, Dkt. No. 30-1.) The proposed amended complaint alleges in more specific detail that defendant Benson was aware of Ms. Carter's serious medical condition, heard her yelling the night before her death, and failed to alert medical personnel. (*Id.* at ¶¶ 10, 17, 22, 69, 73.) The other defendant deputies are alleged to have negligently failed to alert medical personnel despite being aware of Ms. Carter's serious medical condition, hearing her "moan and groan" and complain that she was dying, and observing her sweating and speaking incoherently. (*Id.* at ¶¶ 53, 55, 56, 59, 60, 71, 74.) As for the defendant nurses, the proposed amended complaint adds detailed allegations that the nurses were on shift during the relevant period, observed the unbandaged hematoma on Ms. Carter's arm, received her complaints about abdominal pain, nausea, and shortness of breath, and were on notice that Ms. Carter's vitals were not "looking very well." (*Id.* at ¶¶ 32-35, 47-49, 61, 66, 71.) It is alleged that despite these facts, the defendant nurses failed to further evaluate Ms. Carter and provide her appropriate diagnoses and treatment. (*Id.*) Based on these more specific allegations, and the inferences that can be drawn from them, the proposed amended complaint is likely sufficient as to all defendants.

Defendants take issue with plaintiff's pleading of facts "upon information and belief" in the proposed amended complaint. Pleading facts "upon information and belief" is permitted under Federal Rule of Civil Procedure 8(a) when relying "on second-hand information to make a

good-faith allegation of fact." *Raub v. Bowen*, 960 F. Supp. 2d 602, 615 (E.D. Va. 2013). The "proper use of 'upon information and belief,' [is when] a plaintiff does not have personal knowledge of the facts being asserted" as opposed to improperly using the phrase to "transform a conclusory assertion into a proper allegation…." *In re Lilley*, Bankr. No. 10-81078C-13D, 2011 WL 1428089 at *2-3 (Bankr M.D.N.C. Apr. 13, 2011). The court finds that the plaintiff's pleading of facts "upon information and belief" is in support of good-faith allegations of fact and does not substantially affect the plausibility of the proposed amended complaint.

Finally, the defendant nurses argue that the plaintiff failed to comply with Virginia law that requires a plaintiff to obtain an expert witness certification when pursuing a wrongful death claim based on medical malpractice. *See* Va. Code § 8.01-20.1. The plaintiff contends that the certification is not required because his action is based on a negligence theory of liability rather than medical malpractice. Assuming the certification requirement does apply, dismissal is permissive, not mandatory. *Id.* ("[T]he court…may dismiss the case with prejudice."). Alternatively, this court has found that the Virginia expert certification requirement does not apply in federal court. *See Andes v. United States*, Civil Case No. 1:19-cv-00005, 2020 WL 3895780 at *7-9 (W.D. Va. July 10, 2020) (finding that Federal Rule of Civil Procedure 11 answers the same question as Virginia Code § 8.01-20.1).

Based on the stated reasons, the court does not find that the proposed amended complaint would be futile.

4. **Delay**

Finally, all defendants raise the extended period that has passed since the events giving rise to the complaint. Ms. Carter died in December 2015; the first complaint was brought in state court in December 2016. After that case was nonsuited, the plaintiff timely refiled the case,

again in state court, and served defendants. The court will not fault the plaintiff for operating within the bounds of Virginia state procedural rules. The matter has only been in this court since January 2021. Even if undue delay were found, delay alone is not a sufficient reason to deny leave to amend. *Johnson*, 785 F.2d at 509-10. The court has not found prejudice, bad faith, or futility. Therefore, the court will grant the plaintiff's motion for leave to amend. (Dkt. No. 30.)

**C. This Court's Jurisdiction over the Remaining State Law Claim**

Given the court has granted plaintiff's motion for leave to amend and the amended complaint abandons the plaintiff's previously pled federal claim, the court must now decide whether to assert jurisdiction over the plaintiff's remaining state law claim.

"[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state law claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995); *see also*, 28 U.S.C. § 1367(c)(3). A district court should consider and weigh "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). The court may also consider whether a party is using "manipulative tactics" to dictate the forum, but there is no "categorical prohibition" on such manipulation. *Id.* at 357. "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages," a federal court should decline to exercise jurisdiction over state-law claims. *Id.* at 350. Indeed, "in the usual case in which federal-law claims are eliminated before trial, the balance of factors… will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at n.7.

Several factors in this case tip the balance in favor of remanding the remaining state-law claim. While a wrongful death claim may not be a novel or complex area of law, state courts

have more familiarity and experience with these claims. The parties dispute whether this claim is properly brought as a negligence or medical malpractice cause of action, whether the sheriff can be held liable for the actions of his subordinates, and whether the expert certification requirement is applicable. A further question arises if the expert certification does apply: Is the appropriate remedy dismissal with or without prejudice? Or are sanctions appropriate? Principles of judicial economy and fairness suggest these matters are better decided by a state court. Further, as noted above, the litigation in federal court has not progressed toward trial. The plaintiff's federal claim "dropped out of the lawsuit in [the] early stages." *Cohill*, 484 U.S. at 350.

As for the defendants' contention that the plaintiff is engaging in a "manipulative tactic[]" to dictate the judicial forum, the court finds there are a number of legitimate reasons why the plaintiff might choose to drop the federal claim that are not related to forum manipulation.[4] Even if this were purely a case of manipulation, there is no "categorical prohibition," particularly where other factors weigh in favor of remand. Based on the balancing of the relevant factors, the court declines to exercise jurisdiction over the plaintiff's remaining state law claim and will remand the case to the appropriate state court.

### III. CONCLUSION

For the reasons stated herein, the court will grant plaintiff's motion for leave to amend complaint, order the proposed amended complaint filed, and remand the case to state court. The

---

[4] For example, again, the federal claim covers the same set of facts but has a higher standard of proof than a state wrongful death claim.

11

court dismisses the defendants' motions to dismiss as moot. The court will enter an appropriate order.

Entered: September 28, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge